53 F.3d 340
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Rodney Leroy BEAN, Defendant-Appellant.
 No. 93-10597.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1995.*
Decided April 14, 1995.
 
 Before: BRUNETTI, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rodney Leroy Bean appeals his conviction for the manufacture, distribution, and possession of an electronic communication intercepting device, in violation of 18 U.S.C. Sec. 2512(1)(b), and his conviction for the unauthorized use of communications, in violation of 47 U.S.C. Sec. 605(e)(4). He also moves to strike the government's answering brief and excerpt of record filed in this court. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We deny Bean's motion to strike and affirm his conviction.
 
 I.
 
 3
 Bean moves to strike the government's excerpt and answering brief because both contain excerpts of a grand jury transcript which he claims is not part of the record on appeal. On June 24, 1993, while this matter was still pending before the district court, that court ordered the government "to disclose the grand jury testimony of Charles Sandefur given on June 9, 1993 and the colloquy between the Assistant United States Attorney and the grand jurors." For an unexplained reason, a portion of that June 9 colloquy was not disclosed at that time. On February 28, 1994, after Bean had filed his opening brief in this court, the district court authorized the government to disclose that additional portion to Bean and this court.
 
 
 4
 Regardless of whether that portion had been filed previously in the district court, that court properly supplemented the record pursuant to Federal Rule of Appellate Procedure 10(e) so that the record would contain the entire June 9 colloquy. This correction did not prejudice Bean because he had ample opportunity to respond to the additional transcript in his reply brief.
 
 II.
 
 5
 Bean contends that his conviction must be reversed because there was a fatal variance between the proof at his trial and the allegations in his indictment. See Stirone v. United States, 361 U.S. 212, 215-17 (1985).
 
 
 6
 The following facts are undisputed: After the grand jury had returned the first superseding indictment, the Assistant United States Attorney (AUSA) realized that it contained various errors. He corrected those errors; most importantly for this appeal, he changed counts three and four to allege that Bean had distributed an illegal satellite descrambler bearing the label address # 018D3506. On June 9, 1993, the second superseding indictment was presented to the grand jury, and Charles Sandefur testified in support of that indictment. The grand jury returned that indictment, Bean was tried under that indictment, and he was convicted for distributing a descrambler bearing label address # 18D3506.
 
 
 7
 While obviously the previous indictments had referred to a different label address, Bean has cited no authority for the proposition that variance between a previous indictment and a superseding indictment is error. Indeed, such a rule would be absurd: it would prevent prosecutors from correcting an indictment prior to trial. Because there was absolutely no variance between the second superseding indictment and the proof offered at trial, there was no error.
 
 III.
 
 8
 Bean next contends that an improper "off-the-record" dialogue between the AUSA and the grand jury compromised the autonomy of the grand jury. The entire transcript of the June 9, 1993 grand jury proceeding, a portion of which was disclosed to Bean only after he filed his opening brief in this court, dispels any indication of impropriety. That transcript makes clear that the grand jury foreman's question following Charles Sandefur's testimony referred not to an off-the-record statement by the AUSA, but to an on-the-record statement made by the AUSA prior to Sandefur's testimony. There is no indication of any off-the-record statement.
 
 IV.
 
 9
 Finally, Bean contends that the evidence presented at trial was insufficient to support his convictions. He claims that the evidence did not prove that the device he sold was primarily useful for the surreptitious interception of electronic communications, as prohibited by 18 U.S.C. Sec. 2512(1)(b), or that it was primarily of assistance in the unauthorized decryption of satellite cable programming, as prohibited by 47 U.S.C. Sec. 605(e)(4).
 
 
 10
 The evidence was clearly sufficient for a rational jury to conclude beyond a reasonable doubt that these elements were satisfied. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). FBI agent McKevitt testified that before Bean sold her descrambler # 018D3506, he installed it on a television at his home, explained to her how he had programmed it with a code, and explained how it could be programmed in the future. After agent McKevitt purchased the unit, it was transferred to General Instruments, where Brant Candelore, an expert in satellite communications and piracy, analyzed it. Candelore testified that the descrambler had clearly been modified so that if a code were entered once a month, it would be capable of signal theft. His report, which was entered into evidence, explained that while when he first tested the unit, it could only receive video but not audio portions of unauthorized signals, once he entered a readily available monthly code, it received the entire signal. Clearly a rational jury could conclude that when Bean sold the descrambler, it had been modified and programmed to receive and decode unauthorized signals.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3